**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No.   19-cr-00412-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  JORGE PENA-VENZOR,

    Defendant.

**INDICTMENT**

The Grand Jury charges:

### COUNT 1

From on or about December 26, 2017, to not later than on or about February 11, 2019, in the State and District of Colorado, the defendant, JORGE PENA-VENZOR, not being a licensed manufacturer or dealer of firearms, did willfully engage in the business of manufacturing and dealing in firearms.

All in violation of Title 18, United States Code, Section 922(a)(1)(A).

### COUNT 2

From on or about December 26, 2017, to not later than on or about February 11, 2019, in the State and District of Colorado, the defendant, JORGE PENA-VENZOR, did knowingly and willfully conspire and agree with others known and unknown to the Grand Jury, with interdependence, to commit an offense against the United States, namely,

unlicensed dealing in firearms, in violation of Title 18, United States Code, Section 922(a)(1)(A).

## MANNER AND MEANS OF THE CONSPIRACY

Acting interdependently with co-conspirators known and unknown to the Grand Jury, the defendant carried out the conspiracy in the following manner and using the following means:

1. The defendant located different types of firearms available for sale at gun shows and from private sellers in the State and District of Colorado and elsewhere.
2. The defendant consulted with one of his co-conspirators, identified in the defendant's cellphone as "Carlos grande," about which firearms to purchase, and also advised "Carlos grande" as to whether a particular firearm was being sold for a favorable price.
3. "Carlos grande" instructed the defendant as to which firearms to purchase based on the needs of third parties with whom "Carlos grande" was in contact, and the defendant purchased firearms accordingly, and provided them to "Carlos grande."
4. "Carlos grande" provided the defendant with money to make the firearm purchases, either before or after the defendant made the purchases.

## OVERT ACTS

In furtherance of the conspiracy and to effect the object of the conspiracy, at least one of the conspirators committed at least one of the following overt acts, among

others, in the State and District of Colorado and elsewhere:

1. On or about December 26, 2017, the defendant sent a message via WhatsApp, in Spanish, to an individual identified in the defendant's cellphone as "Carlos grande," stating, in substance, that the defendant had located a large number of firearms available for sale.

2. On or about December 27, 2017, an individual identified in the defendant's cellphone as "Carlos grande" sent a message, in Spanish, to the defendant via WhatsApp stating, in substance, that he was interested in all of the firearms that the defendant had located.

3. On or about January 21, 2018, the defendant sent a series of messages, in Spanish, via WhatsApp to an individual identified in the defendant's cellphone as "Carlos grande," stating, in substance, that the defendant did not have a way to transport firearms to Mexico, and that he only procured them. The defendant further stated that he did not want to transport firearms to Mexico because it was too risky, and the recipients of the firearms were friends of "Carlos grande," not the defendant.

4. On or about January 28, 2018, the defendant purchased a firearm from a seller located in the State and District of Wyoming.

5. On or about March 23, 2018, the defendant sent a series of messages via WhatsApp, in Spanish, to an individual identified in the defendant's cellphone as "Carlos grande," containing a picture of a pistol and text stating, in

substance, that the picture showed a pistol along with 16 rounds, and that the cost was 300 dollars.

6. On or about November 10, 2018, the defendant attended a gun show in the State of Oklahoma.

7. On January 25, 2019, the defendant purchased a firearm from a seller located in the State and District of Colorado.

8. On or about January 26, 2019, the defendant sent a message via WhatsApp, in Spanish, to an individual identified in the defendant's cellphone as "Carlos grande," stating, in substance, that the defendant had located a firearm for sale for $11,000, and that the defendant would send "Carlos grande" further information about the firearm so that "Carlos grande" could send the information to friends of "Carlos grande."

9. On or about January 26, 2019, an individual identified in the defendant's cellphone as "Carlos grande" sent a message via WhatsApp, in Spanish, to the defendant, stating that "they" wanted pictures of a firearm that the defendant said was available for purchase.

10. On or about January 26, 2019, an individual identified in the defendant's cellphone as "Carlos grande" sent a message via WhatsApp, in Spanish, to the defendant, instructing the defendant to purchase a firearm.

11. On or about February 11, 2019, the defendant stated, in substance, during an interview with personnel from the Bureau of Alcohol, Tobacco, Firearms, and Explosives, that he was using his own money to purchase firearms.

12. On or about February 11, 2019, the defendant stated, in substance, during an interview with personnel from the Bureau of Alcohol, Tobacco, Firearms, and Explosives, that he was not purchasing firearms on behalf of anyone else.

All in violation of Title 18, United States Code, Section 371.

## COUNT 3

On or about January 25, 2019, in the State and District of Colorado, the defendant, JORGE PENA-VENZOR, in connection with the acquisition of a firearm from Rocky Mountain Pawn, a licensed firearms dealer within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious oral and written statement intended and likely to deceive Rocky Mountain Pawn with respect to any fact material to the lawfulness of the sale of the firearm to the defendant under Chapter 44, Title 18, United States Code, when he executed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, representing therein that he was the actual transferee and buyer of the firearm, when in fact, as the defendant then knew, he was not the actual transferee and buyer of the firearm.

All in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT 4

On or about February 11, 2019, in the State and District of Colorado, the defendant, JORGE PENA-VENZOR, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States by falsely stating during an interview with personnel from the Bureau of Alcohol, Tobacco, Firearms, and

Explosives that he had purchased a total of two M249 rifles, when in fact he knew that he had purchased three such rifles.

All in violation of Title 18, United States Code, Section 1001(a)(2).

## **FORFEITURE ALLEGATION**

The allegations contained in Counts One through Four of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 924(d), Title 18, United States Code, Section 981, Title 18, United States Code, Section 982, and Title 28, United States Code, Section 2461(c).

Upon conviction of the violations alleged in Counts One and Three above involving violations of Title 18, United States Code, Sections 922(a)(1)(A), 922(a)(6), and 924(a)(2), the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of the offenses.

Upon conviction of the violation alleged in Count Two above involving a violation of Title 18, United States Code, Section 371, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(c), and Title 28, United States Code, Section 2461(c), any and all of the defendant's right, title, and interest in all property constituting and derived from any proceeds the defendant obtained directly and indirectly as a result of such offense, including, but not limited to: a money judgment in the amount of proceeds obtained by the scheme and by the defendant.

Upon conviction of the violation alleged in Count Four above involving a violation of Title 18, United States Code, Section 1001, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), and Title 28, United States Code, Section 2461(c), any and all of the defendant's right, title, and interest in all property constituting and derived from any proceeds the defendant obtained directly and indirectly as a result of such offense, including, but not limited to: a money judgment in the amount of proceeds obtained by the defendant.

If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461, to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A TRUE BILL:

<u>Ink signature on file in Clerk's Office</u>
FOREPERSON

JASON R. DUNN
United States Attorney

By: <u>s/Aaron M. Teitelbaum</u>
Aaron M. Teitelbaum
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California St., Ste. 1600
Denver, CO 80202
Telephone: 303-454-0200
Fax:  303-454-0406
E-mail: <u>Aaron.Teitelbaum@usdoj.gov</u>
Attorney for Government

8